# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES  DIVISION

TERRANCE HANLEY                            CIVIL ACTION NO. 09-0180

VS.                                        JUDGE DOHERTY

U.S. ATTORNEY GENERAL, ET AL               MAGISTRATE JUDGE METHVIN

*REPORT AND RECOMMENDATION*

Before the court is the government's  motion to dismiss petitioner Terrance Hanley's petition for writ of *habeas corpus*, filed pursuant to 28 U.S.C. §2241.[1]  The motion is unopposed. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

At the time the petition for writ of *habeas corpus* was filed, petitioner was in detention under the authority of the United States Immigration and Customs Enforcement, United States Department of Homeland Security ("USICE"), and he sought to have the court review his post-removal detention.  However, in its motion, the government states that on May 13, 2009, the petitioner was released from institutional detention pursuant to an order of supervision by USICE.[2]  Because the petitioner is no longer in custody, his challenge to his post-removal order of detention is now moot and should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss be **GRANTED** and that the petition be **DENIED and DISMISSED AS MOOT.**

---

[1]Rec. Doc. 10.

[2] Rec. Doc. 10, Exhibit 1.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 7, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)